

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| KARI WIGGINS,<br>    Plaintiff,<br><br>vs.<br><br>LELAND DUDEK, *Acting Commissioner<br>of the Social Security Administration*,<br>    Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No. 1:23-5590-MGL<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION
AND REVERSING AND REMANDING THIS MATTER
FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

**I.    INTRODUCTION**

This is a Social Security appeal in which Plaintiff Kari Wiggins (Wiggins) seeks judicial review of the final decision of Defendant Leland Dudek, Acting Commissioner of the Social Security Administration, (Dudek) finding her disability had ceased and she was unentitled to supplemental security income (SSI).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court reverse and remand this matter for further administrative proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL HISTORY

On September 8, 2014, Wiggins filed an application for SSI due to chronic back issues. A disability examiner initially determined she was disabled.

Following a continuing disability review, the examiner concluded Wiggins had neglected to show she remained disabled, effective June 30, 2016. The examiner's cessation decision (the Comparison Point Decision (CPD)) was based on Wiggins's failure to cooperate with the examiner's request for additional information, rather than a finding of medical improvement.

Wiggins subsequently requested reconsideration and appeared before a hearing officer. The officer found Wiggins had experienced significant medical improvement and thus determined Wiggins was unable to show she was still disabled.

Wiggins then requested a hearing before an Administrative Law Judge (ALJ). The ALJ, like the hearing officer, found Wiggins's disability had ceased due to medical improvement.

After the Appeals Council denied Wiggins's request for review, she filed an action for judicial review with this Court. The parties later consented to remand, so the Magistrate Judge remanded for the ALJ to further evaluate the evidence, hold another hearing, and issue a new decision.

On remand, the ALJ again determined Wiggins's disability had ceased due to medical improvement. The Appeals Council declined to assume jurisdiction, and Wiggins filed this action for judicial review.

The Magistrate Judge filed the Report on March 27, 2024. Dudek filed his objections on April 9, 2024, and Wiggins replied on April 23, 2024. The Court has reviewed Dudek's objections but holds them to be without merit. It will therefore enter judgment accordingly.

**III.    STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court, however, need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). The Court reviews the Report only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record to accept the recommendation'").

**IV.    DISCUSSION AND ANALYSIS**

Entitlement to Social Security benefits is subject to periodic review. 20 C.F.R. § 416.994(a). To determine whether a claimant's disability continues, the ALJ follows a seven-step procedure. *Id.* § 416.994.

At step one, the ALJ determines whether the claimant has an impairment or combination of impairments that meets or equals a listed impairment. If she does, the claimant's disability continues. If she does not, the analysis proceeds to step two. *Id.* § 416.994(b)(5)(i).

At step two, the ALJ determines whether medical improvement has occurred. If medical improvement has occurred, the analysis proceeds to step three. If medical improvement has yet to occur, the claimant's disability continues. *Id.* § 416.994(b)(5)(ii).

At step three, the ALJ determines whether the claimant's medical improvement relates to her ability to perform work. If it does, the analysis skips step four and proceeds to step five. If it does not, the analysis proceeds to step four. *Id.* § 416.994(b)(5)(iii).

At step four, the ALJ determines whether an exception to medical improvement applies. If an exception listed in 20 C.F.R. § 416.994(b)(3) applies, the analysis proceeds to step five. If an exception listed in 20 C.F.R. § 416.994(b)(4) applies, the claimant's disability ends. If no exception applies, the claimant's disability continues. *Id.* § 416.994(b)(5)(iv).

At step five, the ALJ determines whether all the claimant's current impairments in combination are severe. If they are severe, the analysis proceeds to step six. If they are not severe, the claimant's disability ceases. *Id.* § 416.994(b)(5)(v).

At step six, the ALJ assesses the claimant's residual functional capacity (RFC) based on all her current impairments and determines whether the claimant can perform past work. If the claimant can perform past work, her disability ceases. If the claimant cannot perform past work, the analysis proceeds to step seven. *Id.* § 416.994(b)(5)(vi).

At step seven, the ALJ determines whether the claimant can do other work given her RFC assessment and her age, education, and past work experience. If the claimant can do other work, her disability ceases. If the claimant cannot do other work, her disability continues. *Id.* § 416.994(b)(5)(vii).

"A claimant seeking a ruling of disability bears the burden of proving . . . [she] is disabled. That burden continues even after an initial determination of disability." *Iida v. Heckler*, 705 F.2d 363, 365 (9th Cir. 1983) (citing *Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982)).

"After the initial determination of disability is made, however, the claimant is entitled to a presumption that . . . her disability still exists. Therefore, to terminate disability benefits, the [Social Security Commission] has the burden of coming forward with evidence . . . the claimant's condition has improved since the initial disability determination." *Id.* (citing *Patti v. Schweiker*, 669 F.2d 582, 586–87 (9th Cir. 1982)). "In the absence of proof to the contrary, it is presumed that the condition remains unchanged." *Id.* (citing *Patti*, 669 F.2d at 586–87).

It is the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of the [ALJ] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), *overruled by implication on other grounds by Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

"And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Consequently, the Court "must sustain the ALJ's decision, even if [the Court] disagree[s] with it, provided the determination is supported by substantial evidence . . . ." *Smith v. Chater*, 99

5

F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court reviews the entire record as a whole. *Hanes v. Celebrezze*, 337 F.2d 209, 214 (4th Cir. 1964).

Although the ALJ must sufficiently explain the reasons for his ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence . . . . [Instead,] he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

"[T]he substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

With this legal framework in mind, the Court will consider Dudek's objections.

### A.     *Whether the ALJ properly found Wiggins experienced medical improvement*

Dudek first contends the ALJ properly found Wiggins experienced medical improvement. Dudek maintains the ALJ's finding of medical improvement is supported by substantial evidence, "including the absence of recurring osteomyelitis despite [Wiggins]'s inconsistent use of Bactrim suppression medication, x-rays revealing stable hardware, and the absence of neurological deficits[.]" Dudek's Objections at 3. And, to the extent the Magistrate Judge determined the ALJ

failed to explain how he resolved inconsistencies in the evidence, Dudek argues the Magistrate Judge "relies on an improper framework for evaluating the ALJ's decision." *Id.* For two reasons, the Court is unconvinced.

First, the Court agrees with the Magistrate Judge "[t]he ALJ failed to explain how specific records in and around June 2016 supported a finding of medical improvement." Report at 26.

In finding medical improvement on remand, the ALJ relied on treatment notes from the twelve months following Wiggins's September 29, 2014 surgery. But, the ALJ neglected to mention voluminous medical records from September 30, 2015, through September 16, 2016, revealing a pattern of complaints by Wiggins of persistent, chronic pain in her back and shoulders. A.R. at 714 (September 30, 2015 complaint of chronic, radiating pain in shoulders, middle back, and lower back); *id.* at 750 (November 2, 2015 complaint of muscle aches, cramps, back pain, and persistent mild to moderate burning sensation near left scapula); *id.* at 753 (December 22, 2015 complaint of muscle spasms in thoracic spine, sharp pain in left upper thoracic spine, and pain in lower back); *id.* at 756 (January 19, 2016 complaint of pain over thoracic spine paraspinals that radiates up left shoulder); *id.* at 765 (January 21, 2016 complaint of constant, sharp, and nonradiating left upper back pain); *id.* at 764 (April 22, 2016 complaint of severe middle and lower thoracic spine pain); *id.* at 789 (May 11, 2016 complaint of increased pain with swelling between spine and left shoulder blade); *id.* at 787 (September 7, 2016 complaint of chronic back pain); *id.* at 783 (September 16, 2016 complaint of back pain that had worsened since trying to be more active). *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010))).

Second, the Court agrees with the Magistrate Judge's determination the ALJ "concluded the most-recent imaging showed stable hardware that was inconsistent with [Wiggins]'s pain complaints, but he did not resolve inconsistencies as to the stability of the hardware and misinterpreted Dr. [Richard] Chittum [(Dr. Chittum)] impression as to inconsistency between [Wiggin]'s complaint and imaging."  Report at 42.

On July 9, 2021, shortly after a nurse practitioner observed Wiggins had tenderness to palpation (TTP) of her thoracic spine, Wiggins underwent CT imaging.  The radiologist found the "[c]orpectomy device at the T10-T11 level and distal appears to have slid and/or displaced laterally to the left.  This leaves a defect within the T11 vertebral body."  A.R. at 1461.  *Cf. id.* at 764 (April 22, 2016 x-ray showing corpectomy stabilization at T10-T11 level).

During a subsequent follow-up with Dr. Chittum, Wiggins complained of a "burning sensation between the shoulder blades extending into the thoracic spine."  *Id.* at 1524.  Dr. Chittum noted TTP of the thoracic spine and reviewed the July 9, 2021 CT scan.  He stated the scan revealed "stable bony fusion" with "slight haloing around the ends of the pedicle screws at T2-T3 [that] does not coincide with [Wiggins]'s symptoms."  *Id.* at 1526.  But, as the Magistrate Judge explained, this was in response to Wiggins's "current complaint [of] burning sensation between the shoulder blades extending into the thoracic spine . . . [that has] been present for a few months."  *Id.* at 1524.  Dr. Chittum neither made any findings as to the sliding and/or displacement of the corpectomy device at T10-T11, which differed from prior imaging showing stable hardware, *id.* at 764, nor indicated whether the sliding and/or displacement could have been the cause of Wiggins's general complaints of back and shoulder pain.  This constitutes error inasmuch as the ALJ alone "is responsible for resolving conflicts in medical testimony[.]"  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

Third, the Court is unpersuaded Magistrate Judge "mistakenly invoke[d] the articulation requirement [of Social Security Ruling (SSR) 96-8P] as a basis to remand separate and apart from the substantial evidence standard of review." Dudek's Objections at 3–4. Even still, for the reasons set forth above, the Court is unable to determine whether substantial evidence supports the ALJ's finding of medical improvement.

For all these reasons, the Court concludes the ALJ failed to "build an accurate and logical bridge from the evidence" from the evidence to his finding of medical improvement. *Clifford*, 227 F.3d at 872. Therefore, the Court will overrule Dudek's first objection.

### B.     *Whether remanding for the ALJ to further evaluate the opinion of Dr. Ernest Arnold would be futile*

Dudek next contends remanding for the ALJ to further evaluate the opinion of Dr. Ernest Arnold (Dr. Arnold) would be futile because "the ALJ provided a comprehensive discussion of the opinion of consultive examiner Dr. Arnold and explained why it did not warrant controlling weight." Dudek's Objections at 7. Dudek maintains "the ALJ evaluated the record and found inconsistencies that led him, overall, to credit [Wiggins]'s allegations and the medical evidence, including the opinion of Dr. Arnold, in part but not in their entirety, which is 'typical evidence weighing, not cherry picking.'" *Id.* (quoting *Brown v. Comm'r of Soc. Sec.*, 814 F. App'x 92, 96 (6th Cir. 2020)). Again, the Court is unpersuaded.

As the Magistrate Judge explained, in assessing the supportability of Dr. Arnold's medical improvement opinion under 20 C.F.R. § 416.927(c)(3), the ALJ "ignored the abnormalities Dr. Arnold noted[,]" including "rapid pulse, mild curvature along the course of the scar, tenderness in the left paravertebral area of the thoracic spine, and reduced [range of motion] throughout various measures in the bilateral shoulders and to cervical flexion, lumbar extension, lumber lateral flexion, bilateral knee flexion, and internal rotation of the bilaterial hips." Report at 52.

9

Additionally, the ALJ disregarded Dr. Arnold's observation Wiggins was experiencing subjective numbness in her upper extremities.

Relying on the ALJ's statement he gave "great weight . . . to Dr. Arnold's one time examination findings and little weight . . . to [Dr. Arnold's] conclusion[] regarding [Wiggins]'s medical improvement[,]" Dudek attempts to refute the Magistrate Judge's conclusion the ALJ cherrypicked the evidence. But, the abnormalities set forth above were contained in Dr. Arnold's examination findings and informed his ultimate conclusion "it does not seem that [Wiggins] has shown much improvement, if any, since the last surgery in 2014, in that she continues to have significant pain and limitations for activity." A.R. 877. The Court therefore agrees with the Magistrate Judge the ALJ impermissibly cherrypicked the relevant medical evidence. *See Lewis*, 858 F.3d at 869 ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." (quoting *Denton*, 596 F.3d at 425)).

Accordingly, the Court will overrule Dudek's second objection, as well.

V.     **CONCLUSION**

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Dudek's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

**IT IS SO ORDERED.**

Signed this 18th day of March 2025, in Columbia, South Carolina.

                                                          <u>s/ Mary Geiger Lewis</u>
                                                          MARY GEIGER LEWIS
                                                          UNITED STATES DISTRICT JUDGE